*46 OPINION OF THE COURT
Memorandum.
Ordered that the sentence is reversed, on the law, and the matter is remitted to the District Court for resentencing in accordance with this decision and order.
After a nonjury trial, defendant was convicted of, among other things, storing or maintaining two unlicensed motor vehicles on his property without displaying valid license plates (Code of Town of Babylon § 133-25 [A] [2]). At sentencing, the People proposed that defendant pay the mandatory minimum fine of $250 pursuant to section 133-31 (A) of the Code of the Town of Babylon (the Code). Instead, the District Court sentenced defendant to an unconditional discharge. The People objected, arguing, in effect, that the Code did not authorize the court to impose an unconditional discharge without an application by the People for the imposition of such a sentence (Code of Town of Babylon § 133-31 [A]). The District Court ruled that it had the power, pursuant to Penal Law § 65.20, to unilaterally impose the unconditional discharge. The People appeal on the ground that the sentence is invalid as a matter of law (CPL 450.20 [4]; 450.30 [2]).
In our view, the District Court erred in sentencing defendant to an unconditional discharge. Section 133-31 (A) provides that
“[a]ny owner, lessee, occupant, person or entity who shall fail or refuse to comply with the provisions of any written notice herein provided for or who shall refuse to remove any motor vehicle, appliance, solid waste, rubbish or debris, upon conviction of said violation shall be fined not less than $250 nor more than $2,500 or by imprisonment for a period not exceeding 15 days for each offense, or by both fine and imprisonment. The mandatory minimum fine must be imposed and there shall be no discretion in imposing the mandatory minimum fine; no unconditional discharge or any other sentence which does not include the mandatory minimum fine or term of imprisonment may he imposed, except upon application of the Special Assistant District Attorney and consent of the court” (emphasis added).
Thus, absent a special application from the Special Assistant District Attorney, section 133-31 (A) requires a court to impose, at a minimum, a fine, of not less than $250, or a term of imprisonment, up to 15 days, or both. It is only where the People *47 make a special application for a sentence of an unconditional discharge that the court may dispense with the mandatory fine or term of imprisonment, and instead impose an unconditional discharge. The section’s requirement of either the mandatory fine or term of imprisonment, however, precludes a court, by virtue of Penal Law § 65.20 (2), from imposing a sentence of unconditional discharge. Penal Law § 65.20 (2) provides that “[w]hen the court imposes a sentence of unconditional discharge, the defendant shall be released with respect to the conviction for which the sentence is imposed without imprisonment, fine, or probation supervision” (emphasis added).
Consequently, as there was no application by the People for the imposition of an unconditional discharge, the court, under section 133-31 (A), was required to impose either a fine or a term of imprisonment. Thus, the District Court could not, by virtue of Penal Law § 65.20 (2), impose a sentence of unconditional discharge.
Accordingly, the sentence is reversed and the matter is remitted to the District Court for resentencing.